IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMESOURCE BUILDING PRODUCTS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 14-cv-2521 |
| THE HILLMAN GROUP, INC., | § § | **JURY DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff PrimeSource Building Products, Inc., appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant. Defendant has engaged in a continuous and systematic course of doing business in Texas and, upon information and belief, has engaged and intends to engage in wrongful acts of infringement in Texas and/or directed toward Texas, including in the Northern District of Texas.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant has conducted business in the Northern District of Texas, and because Defendant is subject to personal jurisdiction within this judicial district.

## PARTIES

5.      Plaintiff PrimeSource Building Products, Inc. ("PrimeSource") is a Delaware corporation having its principal place of business at 1321 Greenway Drive, Irving, Texas 75038.

6.      Upon information and belief, Defendant The Hillman Group, Inc. ("Hillman") is a Delaware corporation having its principal place of business at 10590 Hamilton Avenue, Cincinnati, Ohio 45231.

## FACTS

**A.     PRIMESOURCE'S BUSINESS AND FEDERALLY REGISTERED MARKS**

7.      PrimeSource is a leading supplier of products and materials in the building, construction, and do-it-yourself industries, including nails and related goods sold under the GRIP-RITE brand.

8.      Since at least as early as 1967, PrimeSource or its predecessor-in-interest have continuously used the coined mark GRIP-RITE in commerce in the United States.

9.      Since that time, PrimeSource has expanded its use of the coined mark GRIP-RITE, as well as numerous other marks incorporating the mark, such as GRIP-RITE FAS'NERS (collectively, the "GRIP-RITE Marks"), so that its use currently encompasses a broad array of tools, building materials, and various other products used in the construction industry and related fields.

10.     In addition to the coined marks GRIP-RITE and GRIP-RITE FAS'NERS, PrimeSource has widely used the mark FAS'NERS UNLIMITED in connection with similar

products, including but not limited to nails, screws, and staples. The mark FAS'NERS UNLIMITED and the GRIP-RITE Marks are collectively referred to hereinafter as the "PrimeSource Marks."

11. PrimeSource has also for many years widely used a distinctive trade dress in connection with its GRIP-RITE fastener products (the "GRIP-RITE Trade Dress"). Elements of this trade dress include typography, a color scheme incorporating bright color-coded labels on neutral colored containers displayed in an array, clear plastic windows with rounded corners, labels covering only a portion of the box top, and images of the product. The consuming public recognizes the GRIP-RITE Trade Dress as an indicator of origin and as a symbol of quality and value. Representative samples of the GRIP-RITE Trade Dress are shown below:





12.     PrimeSource markets and widely sells products, including nails, under the PrimeSource Marks and GRIP-RITE Trade Dress through large chain retailers such as The Home Depot and Lowe's and other retail channels throughout the United States, including in stores located in the State of Texas and the City of Dallas.

13.     PrimeSource has invested heavily in advertising and promoting its PrimeSource Marks and GRIP-RITE Trade Dress through various forms of advertising for its GRIP-RITE products, including print, point-of-sale, media, online, tradeshow, and other advertising common in the industry.

14.     For many years, PrimeSource has also promoted its PrimeSource Marks and GRIP-RITE Trade Dress on its websites, including [www.grip-rite.com](www.grip-rite.com) and [www.primesourcebp.com](www.primesourcebp.com).

15.     Products sold under the PrimeSource Marks and GRIP-RITE Trade Dress have been tremendously successful.  Over the past ten years, PrimeSource has sold approximately $10 billion in products under the PrimeSource Marks.  Much of this success is attributable to the quality and distinctiveness of the PrimeSource Marks and the GRIP-RITE Trade Dress and to PrimeSource's heavy investment in their promotion.

16.     In addition to its extensive common law rights, PrimeSource owns many United States trademark registrations covering the PrimeSource Marks, including incontestable U.S. Reg. No. 907,843 for the mark GRIP-RITE, which issued in February 1971 and covers "nails," and incontestable U.S. Reg. No. 2,511,849 for the mark GRIP-RITE FAS'NERS, which issued in November 2001 and covers "nails."  True and correct copies of the federal registration certificates for several of the PrimeSource Marks, and documents from the United States Patent and Trademark Office's online database showing the current status of those registrations, are

attached hereto as **Exhibit A**. Each of the registrations shown in **Exhibit A** is valid and subsisting, and has become incontestable.

17. The PrimeSource Marks and GRIP-RITE Trade Dress are inherently distinctive and serve to identify and indicate the source of PrimeSource's products to the consuming public.

18. PrimeSource has established significant goodwill and consumer recognition in its PrimeSource Marks and GRIP-RITE Trade Dress, including in the State of Texas. As a result of PrimeSource's long use and promotion of the PrimeSource Marks and GRIP-RITE Trade Dress, the marks and trade dress have become distinctive to designate PrimeSource, to distinguish PrimeSource and its products from those of others, and to distinguish the source or origin of PrimeSource's products. As a result of these efforts by PrimeSource, the consuming public in the State of Texas and throughout the United States widely recognizes and associates the PrimeSource Marks and GRIP-RITE Trade Dress with PrimeSource.

19. As a result of PrimeSource's long use and promotion of the PrimeSource Marks and GRIP-RITE Trade Dress in the State of Texas and elsewhere, PrimeSource has acquired valuable common law rights in the PrimeSource Marks and GRIP-RITE Trade Dress.

20. The PrimeSource Marks and GRIP-RITE Trade Dress are extremely valuable to PrimeSource as an identifier of its products, PrimeSource's quality goods, and of the substantial customer goodwill that PrimeSource has earned over many years in the market.

**B.    HILLMAN'S INFRINGING ACTIVITIES**

21. Upon information and belief, Hillman supplies products and materials in the building, construction, and do-it-yourself industries, including nails and related goods.

22. Hillman directly competes with PrimeSource and its GRIP-RITE products, selling products through and making presentations to many of the same retail accounts as PrimeSource.

In many instances, Hillman's products and PrimeSource's GRIP-RITE products are sold on opposite sides of the same aisle in hardware and building supply stores.

23. Hillman recently embarked on a program designed specifically to "reach across the aisle" and take market share away from PrimeSource, particularly in the nail business. Rather than competing fairly by offering products under different marks and using its own distinctive trade dress, Hillman selected similar marks and trade dress that would deceive end consumers into believing that they are the same PrimeSource products those consumers are accustomed to. Specifically, Hillman has presented, directly to prospective customers and at a national hardware industry trade show, nail products under the marks DURA-GRIP and FAS-N-RITE (the "Hillman Marks") that incorporate trade dress highly similar to the PrimeSource trade dress (the "Hillman Trade Dress"), as shown below:







These new marks and trade dress represent a marked departure from the marks and trade dress that Hillman has used for many years on its fasteners such as nuts and bolts, which consumers have come to associate with Hillman's products, and through which consumers are able to distinguish Hillman's products from PrimeSource's GRIP-RITE products. Samples of Hillman's traditional packaging are shown below:



24.     The new Hillman Marks and Hillman Trade Dress are confusingly similar to the PrimeSource Marks and the GRIP-RITE Trade Dress.  In particular, Hillman has dissected PrimeSource's well-known GRIP RITE FAS'NERS mark into the marks DURA-GRIP and FAS-N-RITE in a blatant attempt to trade on the goodwill of the PrimeSource Marks.  Further, the Hillman Trade Dress utilizes elements copied from the GRIP-RITE Trade Dress, such as virtually identical typography, a similar color scheme, clear plastic windows with rounded corners, labels covering only a portion of the box top, and images of the product.

25.     Hillman adopted its Hillman Marks and Hillman Trade Dress with full knowledge and in conscious disregard of PrimeSource's rights, and has distributed materials to PrimeSource

customers directly presenting its products using the Hillman Marks and Hillman Trade Dress as an alternative to PrimeSource's GRIP-RITE products.

26.     Hillman is using the Hillman Marks and the Hillman Trade Dress in commerce.

27.     Upon information and belief, products bearing the Hillman Marks and Hillman Trade Dress are being offered to companies for sale at stores in Texas, including within this judicial district.

28.     Hillman is not affiliated with or sponsored by PrimeSource and has not been authorized by PrimeSource to use the Hillman Marks, the Hillman Trade Dress, or any confusingly similar marks or trade dress.

29.     The Hillman Marks and Hillman Trade Dress are intended to trade upon the goodwill and substantial recognition associated with the PrimeSource Marks and the GRIP-RITE Trade Dress.

30.     Hillman is using the Hillman Marks and the Hillman Trade Dress in an attempt to associate themselves with PrimeSource or otherwise trade upon PrimeSource's reputation.

31.     Hillman's use of the Hillman Marks and Hillman Trade Dress is designed to cause confusion, mistake, or deception.

32.     Hillman's purpose is to cause consumers and potential customers to believe that products offered under the Hillman Marks and Hillman Trade Dress are associated with PrimeSource or PrimeSource's products when, in fact, they are not.

33.     Hillman recently filed federal applications with the United States Patent and Trademark Office ("USPTO") for DURA GRIP, DURAGRIP, DURAPGRIP & Design, and FAS-N-RITE (U.S. Ser. Nos. 86/159,872, 86/159,867, 86/159,869, and 86/139,120).  These applications are hereinafter referred to as the Hillman Applications.

34. PrimeSource commenced use of the PrimeSource Marks and GRIP-RITE Trade Dress before Hillman commenced any use of the Hillman Marks and Hillman Trade Dress. PrimeSource has a prior and superior right in the PrimeSource Marks dating as far back as 1967.

C. **EFFECT OF HILLMAN'S ACTIVITIES ON PRIMESOURCE AND THE CONSUMING PUBLIC**

35. Hillman's acts complained of herein have been willful and deliberate.

36. Hillman's unauthorized use of the Hillman Marks and Hillman Trade Dress is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Hillman with PrimeSource, or as to the origin, sponsorship, or approval of Hillman's products by PrimeSource.

37. Hillman's unauthorized use of the Hillman Marks and Hillman Trade Dress falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Hillman and its products.

38. Hillman's unauthorized use of the Hillman Marks and Hillman Trade Dress enables Hillman to trade on and receive the benefit of goodwill built up at great labor and expense by PrimeSource over many years, and to gain acceptance for its products not solely on its own merits, but on the reputation and goodwill of PrimeSource, its PrimeSource Marks and GRIP-RITE Trade Dress, and its products.

39. Hillman's unauthorized use of the Hillman Marks and Hillman Trade Dress unjustly enriches Hillman at PrimeSource's expense. Hillman has been and continues to be unjustly enriched by obtaining a benefit from PrimeSource by taking undue advantage of PrimeSource and its goodwill. Specifically, Hillman has taken undue advantage of PrimeSource

by trading on and profiting from the goodwill in the PrimeSource Marks and GRIP-RITE Trade Dress developed and owned by PrimeSource, resulting in Hillman wrongfully obtaining a monetary and reputational benefit for its own business and products.

40. Hillman's unauthorized use of the Hillman Marks and Hillman Trade Dress removes from PrimeSource the ability to control the nature and quality of products provided under the PrimeSource Marks and GRIP-RITE Trade Dress, and places the valuable reputation and goodwill of PrimeSource in the hands of Hillman, over whom PrimeSource has no control.

41. Unless these acts of Hillman are restrained by this Court, they will continue, and they will continue to cause irreparable injury to PrimeSource and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

42. PrimeSource repeats the allegations above as if fully set forth herein.

43. The acts of Hillman complained of herein constitute infringement of PrimeSource's federally registered PrimeSource Marks in violation of 15 U.S.C. § 1114(1).

44. Hillman's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of PrimeSource's rights in the federally registered PrimeSource Marks, and with intent to cause confusion and to trade on PrimeSource's vast goodwill in the PrimeSource Marks. In view of the egregious nature of Hillman's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

45. PrimeSource repeats the allegations above as if fully set forth herein.

46. The acts of Hillman complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Hillman's acts of unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

48. PrimeSource repeats the allegations above as if fully set forth herein.

49. The acts of Hillman complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

50. PrimeSource repeats the allegations above as if fully set forth herein.

51. The acts of Hillman complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V: UNJUST ENRICHMENT

52. PrimeSource repeats the allegations above as if fully set forth herein.

53. The acts of Hillman complained of herein constitute unjust enrichment of Hillman at the expense of PrimeSource.

### COUNT VI: REFUSAL OF REGISTRATION

54. PrimeSource repeats the allegations above as if fully set forth herein.

55. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Hillman's right to registration of the Hillman Marks.

56. The Hillman Marks in the Hillman Applications so resemble the PrimeSource Marks as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

57. PrimeSource petitions the Court to order the USPTO to refuse registration of the Hillman Applications pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

**PRAYER FOR RELIEF**

WHEREFORE, PrimeSource prays that:

1. Hillman, its officers, agents, servants, employees, attorneys, successors and assigns, and all other persons who are in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the Hillman Marks, the Hillman Trade Dress, or any other marks or trade dress confusingly similar to the PrimeSource Marks or GRIP-RITE Trade Dress, and from any attempt to retain any part of the goodwill misappropriated from PrimeSource;

2. Hillman be directed to file with this Court and serve on PrimeSource within thirty (30) days after the service of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Hillman has complied with the injunction pursuant to 15 U.S.C. § 1116;

3. PrimeSource recover all damages it has sustained as a result of Hillman's activities and that said damages be trebled;

4. An accounting be directed to determine Hillman's profits resulting from its activities and that such profits be paid over to PrimeSource, increased as the Court finds to be just under the circumstances;

5. The Court determine that Hillman is not entitled to registration of the Hillman Applications and certify an Order pursuant to 15 U.S.C. § 1119 refusing registration of U.S. Ser. Nos. 86/159,872, 86/159,867, 86/159,869, and 86/139,120 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

6. PrimeSource recover its reasonable attorney fees;

7. PrimeSource recover its costs of this action and prejudgment and post-judgment interest; and

8. PrimeSource recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

PrimeSource demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).


DATED: July 14, 2014                    Respectfully submitted,


By: s/ Stephen P. Meleen_____
Stephen P. Meleen, Texas Bar No. 00795776
Jered E. Matthysse, Texas Bar No. 24072226
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
Email: smeleen@pirkeybarber.com
Email: jmatthysse@pirkeybarber.com
Telephone: (512) 322-5200
Facsimile: (512) 322-5201

Allison L. McDade, Texas Bar No. 24013132
PIRKEY BARBER PLLC
216 Olympia Lane, Suite 1000
Coppell, TX  75019
Email: amcdade@pirkeybarber.com
Telephone: (512) 322-5200
Facsimile: (512) 322-5201


ATTORNEYS FOR PLAINTIFF
PRIMESOURCE BUILDING PRODUCTS, INC.